IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOUD RECORDS LLC,
SONY BMG MUSIC ENTERTAINMENT,
UMG RECORDINGS, INC., INTERSCOPE
RECORDS, MOTOWN RECORD COMPANY LP,

                          OPINION AND ORDER

                Plaintiffs,

                          08-cv-551-bbc

    v.

FRANK MINERVINI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 19, 2008, plaintiffs Loud Records LLC, Sony BMG Music Entertainment, UMG Recordings, Inc., Interscope Records and Motown Record Company LP filed this civil action for injunctive and monetary relief, contending that defendant Frank Minervini electronically downloaded and distributed copyrighted music licensed to plaintiffs without their permission in violation of Title 17 U.S.C. Now before the court is defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Jurisdiction is present under 28 U.S.C. §§ 1331 and 1338(a).

1

As an initial matter, I note that because defendant filed his motion long afer he answered the complaint, I cannot consider it under Rule 12(b)(6), which is directed to motions made before the filing of an answer. Therefore, I will proceed according to Rule 12(h)(2) and construe defendant's motion as a motion for judgment on the pleadings under Rule 12(c). Ong ex rel. Ong v. Sears, Roebuck & Company, 459 F. Supp. 2d 729, 740 n.10 (N.D. Ill. 2006); Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. State of Wisconsin, 663 F. Supp. 682, 684 (W.D. Wis. 1987). The complaint plainly meets the pleading requirements of Fed. R. Civ. P. 8, and if true, the allegations in the complaint would support plaintiffs' claim for relief. Accordingly, defendant's motion will be denied.

As an initial matter, I note that plaintiffs have attached several documents to their opposition brief, including several court decisions, a copy of a discovery order and subpoena issued by this court in Arista Records LLC v. Doe 9, case no. 07-cv-641-bbc (W.D. Wis.), and a copy of the response to that subpoena. Typically in ruling on a Rule 12(c) motion, "the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted). When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(c), the court generally must either convert the motion into one for summary judgment under Rule 56 or exclude the documents attached to the motion to dismiss and

2

continue under Rule 12(c).  Omega Healthcare Investors, Inc. v. Res-Care, Inc., 475 F.3d 853, 856 n.3 (7th Cir. 2007); Hung Nam Tran v. Kriz, Case No. 08-C-228, 2008 WL 4889325, *1 (E.D. Wis. Nov. 12, 2008).  However, the court may take judicial notice of historical documents, documents contained in the public record and state court decisions without converting a motion to dismiss into a motion for summary judgment.  520 South Michigan Ave. Associates, Ltd. v. Shannon, 549 F.3d 1119, 1138 n. 14 (7th Cir. 2008) (quoting Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998)).  Because the documents submitted by plaintiffs are a matter of public record, I will take judicial notice of them and not convert defendant's motion into a motion for summary judgment.

I draw the following facts from plaintiff's complaint and the court records submitted in conjunction with Case No. 07-cv-641-bbc.

## ALLEGATIONS OF FACT

Plaintiffs are the exclusive owners or licensees of certain copyrighted sound recordings, including the seven sound recordings listed in Exhibit A to the complaint.  As required by 17 U.S.C. § 401, plaintiffs have placed copyright notices on the album cover for each of the sound recordings identified in Exhibit A.  The copyright notices appear on all

published copies of the sound recordings, which were widely available and accessible to defendant.

Most unlawful distribution of copyrighted sound recordings over the internet occurs via "peer-to-peer" (or P2P) file copying networks or online media distribution systems. P2P networks are computer systems or processes that allow internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the internet. P2P networks enable users who otherwise have no connection with or knowledge of each other to provide a sophisticated search mechanism by which they can locate, reproduce and distribute audio recordings from their personal computers.

P2P network users can be identified by their internet protocol ("IP") addresses. Each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the internet to deliver files from one computer or network device to another. Two computers cannot effectively function if they are connected to the internet with the same IP address at the same time. The unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer.

Plaintiffs identified an individual using the P2P network "AresWarez" at IP address 143.236.171.182 on March 27, 2007 at 7:33:04 EDT to distribute 622 audio files over the internet. On November 26, 2007, plaintiffs issued a subpoena to the University of

4

Wisconsin in conjunction with Arista Records LLC v. Doe 9, case no. 07-cv-641-bbc (W.D. Wis.). They sought the names and contact information of individuals using various IP addresses at specified dates and times, including 143.236.171.182 on March 27, 2007, at 7:33:04 EDT. On January 4, 2008, the University of Wisconsin responded to the subpoena, identifying defendant as the likely user of that IP address at the specified date and time. Exhibit A to the complaint identifies the date and time of capture and a list of copyrighted recordings that defendant has downloaded or distributed to the public without plaintiffs' permission. In addition to the sound recordings listed in Exhibit A, defendant has downloaded or distributed other sound recordings without plaintiffs' permission. Plaintiffs filed this lawsuit against defendant on September 19, 2008.

OPINION

A motion for judgment under Rule 12(c) challenges the sufficiency of the pleadings in the complaint and is reviewed under the same standard as a motion to dismiss under Rule 12(b). Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998); Hung Nam Tran, 2008 WL 4889325, *1. The court will grant a Rule 12(c) motion "only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Northern Indiana Gun, 163 F.3d at 452 (quoting Craigs, Inc. v. General Electric Capital Corporation, 12 F.3d 686, 688 (7th Cir. 1993)). The

5

court takes all well-pleaded facts in the complaint as true and draws all reasonable inferences in the light most favorable to plaintiff. County of McHenry v. Insurance Company of the West, 438 F.3d 813, 817 (7th Cir. 2006).

Defendant asserts that plaintiffs have failed to meet the minimum pleading requirements under Fed. R. Civ. P. 8 and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). Rule 8 of the Federal Rules of Civil Procedure requires a party to include in its complaint a short, plain statement of the claim showing that the plaintiff is entitled to relief, as well as a demand for appropriate relief. In Twombly, the Supreme Court held that a plaintiff's request for relief must be "plausible on its face." Id. at 570; see also Limestone Development Corporation v. Village of Lemont, 520 F.3d 797, 803 (7th Cir. 2008) (under Twombly, plaintiff must plead a "a fuller set of factual allegations" to show his claim is not "largely groundless"). Although a plaintiff does not need to include detailed factual allegations, it must allege enough facts to raise its right to relief above the speculative level. Twombly, 550 U.S. at 555. A claim should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Id. at 558.

The Court of Appeals for the Seventh Circuit has held that complaints for copyright infringement are sufficient when they allege present copyright ownership by the plaintiff, registration in compliance with the applicable statute and infringement by the defendant. Mid-America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir. 1993) (citing 5 Charles A.

Wright & Arthur A. Miller, Federal Practice and Procedure, § 1237, at 283 (1990)); see also Sony BMG Music Entertainment v. Marose, Case No. 05-C-679-C, 2006 WL 6021145, *1 (W.D. Wis. Jan. 20, 2006) (citing same).  In their complaint, plaintiffs allege that they possess exclusive rights to certain copyrighted sound recordings and that without their permission, defendant has used and continues to use a P2P network to download and distribute the copyrighted recordings.  In addition, plaintiffs attached to their complaint a list of seven recordings that they have marked with notices of copyright as required by 17 U.S.C. § 401 and that defendant allegedly copied or distributed.  Contrary to defendant's assertions, the allegations in the complaint meet the requirements of Rule 8 and have provided defendant with sufficient information to allow him to respond.  Marose, 2006 WL 6021145, *1.

Defendant next argues that plaintiffs are not entitled to relief on the facts as alleged in the complaint.  Although his argument is difficult to understand, defendant seems to be asserting that plaintiffs obtained his specific identify by illegally accessing his private student education records in violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and his private computer files in violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030.  However, as plaintiff points out, defendant relies almost entirely on unsupported explanations that IP addresses do not identify a particular account or computer being used and that the IP address at issue in this case identifies the

7

user as "Smith Hall" at the University of Wisconsin-Stevens Point. Without more, defendant cannot show that plaintiffs have failed to state a claim upon which relief may be granted.

Plaintiffs allege in their complaint how IP addresses are used to identify P2P network users and that they identified defendant as the individual using IP address 143.236.171.182 on March 27, 2007 at 7:33:04 EDT to distribute 622 audio files over the internet. Defendant has failed to adduce any evidence showing that this is untrue or impossible. In fact, court records from Arista Records LLC show that plaintiffs obtained defendant's identity in response to a subpoena served on the University of Wisconsin. Although defendant contends that this information was provided in violation of FERPA, this court previously rejected this same argument in Arista Records LLC:

> Under § 1232g, a university may release so-called "directory information," which consists of name, address, telephone listing, date and place of birth, § 1232q(5)(B), and other items of information not at issue in this case. It may also release fuller details in response to a judicial order or lawfully issued subpoena, so long as the student and parents (if the student is a dependent) are notified of all such orders or subpoenas in advance of the university's compliance. § 1232q(2)(B). Plaintiffs' subpoena to the University of Wisconsin is proper under either exception to the general rule prohibiting the release of student information. The subpoena seeks only defendant's true name, current and permanent addresses and telephone numbers, email addresses and medical access control addresses, all of which are items an educational institution may disclose if it has given general notice that it will do so. Defendant has not suggested that the university did not give such notice.

8

Ord. den. mtn. to quash subpoena, case no. 07-cv-641-bbc, dkt. #23 at 3.

Defendant also contends that plaintiffs obtained his identity by accessing his private computer files or asking the university to access them without authorization, in violation of the Computer Fraud and Abuse Act. Among other things, the CFAA prohibits the intentional access of a protected computer without authorization. 18 U.S.C. § 1030; Patrick Patterson Custom Homes, Inc. v. Bach, 586 F. Supp. 2d 1026, 1032 (N. D. Ill. 2008). Defendant has not alleged that his computer was protected under the Act. Bach, 586 F. Supp. 2d at 1032 (quoting 18 U.S.C. § 1030(e)(2)(A)-(B)) ("The CFAA defines a 'protected computer' as a computer used exclusively (A) by the federal government or a financial institution or (B) one that 'is used in interstate or foreign commerce or communication . . .'"). Further, because the files that plaintiffs allegedly accessed were accessible by the public, any allegation that the computer should be considered protected or that plaintiffs acted without authorization is tenuous at best. Motown Record Company, L.P. v. Kovalcik, 2009 WL 455137, *3 (E.D. Pa. Feb. 23, 2009) (holding same in copyright infringement case with respect to defendant's CFAA counterclaim); Elektra Entertainment Group, Inc. v. Santangelo, 2008 WL 4452393, *4 n.4 (S.D.N.Y. Oct. 1, 2008) (noting that defendants' use of shared folder moots non-authorization defenses and destroys expectation of privacy).

9

Accordingly, I will deny defendant's motion to dismiss, which I have construed as a motion for judgment on the pleadings, because it is possible for plaintiffs to prove facts sufficient to support their claim for relief.

ORDER

IT IS ORDERED that defendant Frank Minervini's motion to dismiss, dkt. #13, is DENIED.

Entered this 3rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10